UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JACCARD CORPORATION,<br><br>        Plaintiff,<br><br>     v.<br><br>WINCO INDUSTRIES COMAPNY and<br>D.W.L. INTERNATIONAL TRADING INC. (a/k/a<br>WINCO and D.W.L. INDUSTRIES CO.),<br><br>        Defendants. | Civil Action No. _____<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Jaccard Corporation ("Jaccard"), for its complaint, alleges as follows:

## THE PARTIES

1. Plaintiff Jaccard is a New York corporation having a place of business located at 70 Commerce Drive, Rochester, New York 14623.

2. On information and belief, Defendant WINCO Industries Company is incorporated pursuant to the laws of California and has its principal place of business at 65 Industrial Road, Lodi, New Jersey 07644.

3. On information and belief, Defendant D.W.L. International Trading Inc. (a/k/a WINCO and D.W.L. Industries Co.) is incorporated pursuant to the laws of New Jersey and has its principal place of business at 65 Industrial Road, Lodi, New Jersey 07644.

## JURISDICTION AND VENUE

4. This action arises under Title 15 of the United States Code for trade dress infringement under 15 U.S.C. § 1125(a), as well as for unfair competition under the same statute. It is further a claim for dilution of trade dress under 15 U.S.C. § 1125(c). This Court has

jurisdiction of the action under 28 U.S.C. § 1338, and has pendent and/or supplemental jurisdiction over the state law causes of action.

5. On information and belief, Defendants are doing business and committing infringements in this district and are subject to personal jurisdiction in this judicial district.

6. Venue is proper in this judicial district pursuant to 28 U.S.C §§ 1391.

## BACKGROUND INFORMATION

7. Plaintiff Jaccard repeats and incorporates the allegations contained in paragraphs 1 – 6 above.

8. Jaccard is the premier manufacturer of meat tenderizers in the United States. Jaccard Corporation has had tremendous success selling its Super Meat Tenderizer bearing the distinctive trade dress since 1978.

9. The original Jaccard Corporation was founded by renowned Swiss Master Butcher, Andre Jaccard, who, early in his career, worked in family food businesses in Europe, where he also designed and built equipment for the culinary industry.

10. After immigrating to the United States and settling in Western New York, he founded the Jaccard Corporation in 1962 for the principal purpose of marketing and manufacturing meat tenderizers. In the late 1970s, Mr. Jaccard invented and developed a hand-held meat tenderizer with a distinctive, aesthetic appearance, of which he sold two versions: the Original Mini Meat Tenderizer (16 blades) and the Original Super Meat Tenderizer (48 blades).

11. The Jaccard meat tenderizers, and in particular the Super Meat Tenderizer, has been on the market since 1978 with the same appearance.

12. The Super Meat Tenderizer has received awards and accolades, and has been the subject of wide-spread advertising.

13. In view of Jaccard's exclusive and consistent use of the appearance of its meat tenderizers since 1978, combined with wide-spread advertising and accolades, the appearance of the Super Meat Tenderizer became associated with a single source.

14. The appearance of the Super Meat Tenderizer has become famous in view of the numerous accolades, awards and advertising over the years.

15. Jaccard has had great success in selling its meat tenderizer.

16. In 2001, Eric J. Wangler purchased the assets of Jaccard Corporation, including all intellectual property rights such as the trade dress at issue here. Mr. Wangler has not changed the appearance of the Super Meat Tenderizer, which has remained the same since its introduction to the market in 1978, except that the new *Jaccard*® logo was added to the outside of the meat tenderizer in 2005.

17. Since 1978, Jaccard has been selling its distinctive Super Meat Tenderizer to restaurants, wholesalers and retail customers. More recently, Jaccard has increased its retail exposure by selling directly into the household retail market via the internet and various independent shops and well as chain retailers.

18. Professional chefs and household cooks use hand-held meat tenderizers to improve the taste and texture of meat. The blades cut through connective tissue, allowing the meat to cook faster, thus reducing the time the meat is exposed to high heat. As a result, the meat is more tender. These benefits of the Jaccard meat tenderizers are widely recognized.

19. The appearance of Jaccard's Super Meat Tenderizer has secondary meaning and is non-functional, and thus qualifies as trade dress.

20. The Super Meat Tenderizer is visually distinctive, and the trade dress of the Jaccard meat tenderizer is defined by its overall appearance. Specifically, the Super Meat

Tenderizer trade dress includes: (1) a light colored, glossy plastics, hand held, product including, and (2) a soft cornered, horizontally oriented, generally rectangular handle having inwardly directed surfaces on both ends and both sides leading to a pinched waist or a reduced dimension portion. Defendants have copied Jaccard's trade dress. Depictions of the Jaccard Super Meat Tenderizer and Defendants' product are shown below:



21. On information and belief, Defendants have also directly copied portions of Jaccard's advertising and product packaging.

-4-

22. In particular, Defendants have included on the packaging of the Winware 48 blade meat tenderizer a verbatim copy of the following product description which Jaccard has used on various retail sites to describe its meat tenderizers:

> How it works: Razor sharp knives cut through the connective tissues that make meat tough. Tiny "heat channels" are created without changing the shape or appearance of the meat, resulting in (1) faster penetration of marinades, (2) even cooking throughout the meat and (3) significantly reduced cooking times (up to 40%). As a result, your meat will be consistently tender and retain more of its natural juices. Dishwasher safe.

23. Defendants have also substantially copied and included in its packaging the same illustrative chart that Plaintiff includes in some of its packaging, and which shows the various benefits of the Jaccard meat tenderizers. A copy of Jaccard's chart is found below on the left, while Defendants' copy is on the right.




Jaccard                                    Winware

24. Jaccard's advertising materials and product packaging are protected by U.S. copyright law, and Jaccard will be seeking registrations with the U.S. Copyright Office of its product packaging and inserts, including the elements, or portions thereof, discussed in the immediately preceding paragraphs.

25. On information and belief, Defendants' Winware 48 blade meat tenderizer is imported into the United States and offered for sale and sold in the United States.

26. On information and belief, Defendants' Winware meat tenderizer is sold over the internet on their own websites at www.wincous.com and www.wincodwl.com, as well as other third party websites.

27. On information and belief, Defendants have sold and shipped the infringing product to New York State, including to places within the judicial district of the United States District Court for the Western District of New York.

28. On information and belief, since Defendants began selling the infringing meat tenderizer, Defendants have enjoyed success and profitability from selling it.

29. On information and belief, Defendants fully intended to steal the appearance, goodwill and reputation of Jaccard in manufacturing its imitation meat tenderizer, by imitating the appearance of the Jaccard Super Meat Tenderizer.

30. The appearance of Defendants' Winware meat tenderizers slavishly copies the appearance of the Jaccard Super Meat Tenderizer. As such, Defendants' Winware meat tenderizers have caused and are likely to continue to cause confusion in the marketplace.

31. On information and belief, Defendants hoped to profit from Jaccard's good will and reputation, which Jaccard carefully cultivated over a period of more than 30 years.

32. On information and belief, Defendants' imitation is likely to cause, and has caused, blurring of Jaccard's famous trade dress in the marketplace.

33. On information and belief, Defendants' attempt to blur Jaccard's famous trade dress is intentional.

**COUNT I**

34. Jaccard repeats and incorporates the allegations contained in paragraphs 1 – 33 above.

35. This is a claim by Jaccard against Defendants for infringement of Jaccard's trade dress under 15 U.S.C. § 1125(a). Defendants' use of Jaccard's trade dress mark is likely to cause confusion as to the source of the goods provided.

36. On information and belief, Defendants will continue their infringement unless and until enjoined by this Court.

**COUNT II**

37. Jaccard repeats and incorporates the allegations contained in paragraphs 1 – 36 above.

38. This is a claim by Jaccard that infringement of its trade dress by Defendants has been knowing, deliberate and willful, justifying the assessment of treble damages and attorneys' fees pursuant to 15 U.S.C. § 1117.

39. Jaccard has been damaged by such infringing activities by Defendants and will continue to be irreparably harmed unless such infringing activities are enjoined by this Court.

**COUNT III**

40. Jaccard repeats and incorporates the allegations contained in paragraphs 1 – 39 above.

41. This is a claim by Jaccard against Defendants for federal unfair competition and passing off of Jaccard's goods as their own under 15 U.S.C § 1125(a). Defendants' imitation meat tenderizer is passing off on Jaccard's reputation and is likely to cause confusion as to the source of the goods provided.

42. On information and belief, Defendants will continue their infringement unless and until enjoined by this Court.

## COUNT IV

43. Jaccard repeats and incorporates the allegations contained in paragraphs 1 – 42 above.

44. This is a claim by Jaccard that Defendants' federal unfair competition has been knowing, deliberate and willful, justifying the assessment of treble damages and attorneys' fees pursuant to 15 U.S.C. § 1117.

45. Jaccard has been damaged by such infringing activities by Defendants and will continue to be irreparably harmed unless such infringing activities are enjoined by this Court.

## COUNT V

46. Jaccard repeats and incorporates the allegations contained in paragraphs 1 – 45 above.

47. This is a claim by Jaccard against Defendants for dilution of Jaccard's famous trade dress under 15 U.S.C. § 1125(c). Defendants' use of Jaccard's trade dress is likely to blur, and indeed has blurred and tarnished Jaccard's trade dress.

48. On information and belief, Defendants will continue their dilution of Jaccard's trade dress unless and until enjoined by this Court.

## COUNT VI

49. Jaccard repeats and incorporates the allegations contained in paragraphs 1 – 48 above.

50. This is a claim by Jaccard that dilution of its trade dress by Defendants has been knowing, deliberate and willful, justifying the assessment of treble damages and attorneys' fees pursuant to 15 U.S.C. § 1117.

51. Jaccard has been damaged by such infringing activities by Defendants and will continue to be irreparably harmed unless such infringing activities are enjoined by this Court.

## COUNT VII

52. Jaccard repeats and incorporates the allegations contained in paragraphs 1 – 51 above.

53. This count, arising under the New York General Business Law, § 360-1, is for trademark dilution and injury to reputation.

54. Defendants' unauthorized use of Jaccard's trade dress as aforesaid, has caused, and unless enjoined, will continue to cause injury to Jaccard's business reputation and to dilute the distinctive quality and uniqueness of Jaccard's trade dress in violation of New York General Business Law § 360-1.

55. The wrongful acts of Defendants have caused, and unless enjoined, will continue to cause Jaccard and the public to suffer irreparable injury and damage, for which there is no adequate remedy at law.

## COUNT VIII

56. Jaccard repeats and incorporates the allegations contained in paragraphs 1 – 55 above.

57. Defendants' unauthorized use of Jaccard's trade dress constitutes deceptive acts in the conduct of their business, trade or commerce in New York and constitutes deceptive trade practices under Article 22-A of New York's General Business Law § 349.

58. The wrongful acts of Defendants have caused, and unless enjoined, will continue to cause Jaccard and the public to suffer irreparable injury and damage, for which there is no adequate remedy at law.

## COUNT IX

59. Jaccard repeats and incorporates the allegations contained in paragraphs 1 – 58 above.

60. On information and belief, Defendants' adoption and use of Jaccard's trade dress for the purposes of trade were done with the intention and purpose of deceiving and misleading the trade and public as to the identity of Defendants, or as to a connection between Defendants and Jaccard, or that Defendants and Jaccard are one and the same, or that Defendants is affiliated with, sponsored by, or otherwise under common control of Jaccard, and with the further intention of passing Defendants' passing off as Jaccard, and of inducing the trade and the public into utilizing Defendants' business, believing the same to be carried out by or sponsored by Jaccard or someone under Jaccard's control.

61. The above acts of Defendants constitute violations of New York General Business Law § 133.

62. The wrongful acts of Defendants have caused, and unless enjoined, will continue to cause Jaccard and the public to suffer irreparable injury and damage, for which there is no adequate remedy at law

## COUNT X

63. Jaccard repeats and incorporates the allegations contained in paragraphs 1 – 62 above

64. This count, arising under the common law of the State of New York, is for unfair competition and infringement of Jaccard's trade dress.

65. Defendants' unauthorized use of Jaccard's trade dress, as aforesaid, constitutes an unlawful appropriation of Jaccard's exclusive rights in and to that mark and constitutes trademark infringement and unfair competition in violation of the common law of the State of New York.

66. The wrongful acts of Defendants have caused, and unless enjoined, will continue to cause Jaccard and the public to suffer irreparable injury and damage, for which there is no adequate remedy at law.

### **RELIEF REQUESTED**

WHEREFORE, Jaccard respectfully requests judgment against Defendants on all counts and the following relief:

A. A judgment that Defendants infringe Jaccard's trade dress under 15 U.S.C § 1125(a);

B. A judgment that Defendants have competed unfairly and passed off on Jaccard's good will under 15 U.S.C, § 1125(a);

C. A judgment that Defendants have diluted Jaccard's famous trade dress under 15 U.S.C. § 1125(c);

D. A judgment that Defendants have engaged in such activities in Paragraphs A – C willfully, justifying an award of attorneys' fees and treble damages under 15 U.S.C. § 1117;

E. A judgment that Defendants have engaged in deceptive trade practices under Article 22-A of New York's General Business Law § 349;

F. A judgment that Defendants have caused injury to Jaccard's business reputation and diluted the distinctive quality and uniqueness of Jaccard's trade dress in violation of New York General Business Law § 360-1;

G. A judgment that Defendants have adopted and used Jaccard's trade dress for the purposes of trade with the intent to deceive in violation of New York General Business Law § 133;

H. A judgment that Defendants have engaged in unfair competition in violation of the common law of the State of New York; and

I. Such other and further relief as this Court may deem proper, just and equitable.

## DEMAND FOR JURY TRIAL

Jaccard demands a trial by jury of all issues properly triable by jury in this action.

Dated:  June 5, 2014

Respectfully submitted,

BOND, SCHOENECK & KING PLLC

By:  /s/ Edward P. Hourihan, Jr.

Edward P. Hourihan, Jr., Esq.
350 Linden Oaks, Suite 310
Rochester, NY 14625-2825
Telephone: (585) 362-4700
Email: ehourihan@bsk.com

Jeremy P. Oczek, Esq.
40 Fountain Plaza, Suite 600
Buffalo, New York 14202
Telephone: (716) 566-2800
Email: jpoczek@bsk.com

*Attorneys for Jaccard Corporation*